United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40945
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERAFIN MACHADO-BERNAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-206-ALL
--------------------

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Serafin Machado-Bernal appeals his guilty-plea conviction
and his sentence for being found unlawfully in the United States
after deportation following a conviction for an aggravated felony
in violation of 8 U.S.C. § 1326(a) & (b).  He argues that 8
U.S.C. § 1326(b) is unconstitutional in view of Apprendi v. New
Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S. Ct.
2531 (2004).  Apprendi did not overrule Almendarez-Torres v.
United States, 523 U.S. 224, 235 (1998).  See Apprendi, 530 U.S.
at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir.
2000).  The Supreme Court's decisions in United States v. Booker,
125 S. Ct. 738 (2005), and Blakely did not overrule Almendarez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres. See Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2537. This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984. Therefore, Machado-Bernal's argument is foreclosed.

Machado-Bernal argues that the district court committed reversible plain error in imposing his sentence under the mandatory United States Sentencing Guidelines held unconstitutional in Booker. Because he did not raise this issue in the district court, review is limited to plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). There was no Booker error in this case because Machado-Bernal's sentence was enhanced based on his prior convictions. See Booker, 125 S. Ct. at 756, 769. The district court's application of the Guidelines in their mandatory form constituted error that is plain. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). However, Machado-Bernal has not shown that the error affected his substantial rights as the record gives no indication that the district court judge would have sentenced him any differently had he known that the Guidelines were only advisory. See Mares, 402 F.3d at 522. Therefore, Machado-Bernal has not shown that the district court's imposition of his sentence constituted reversible plain error. See id. Accordingly, Machado-Bernal's sentence is AFFIRMED.